**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| SWAN LAKE HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  3:09-CV-228 |
| | ) |
| YAMAHA GOLF-CAR COMPANY | ) |
| | ) |
| Defendant. | ) |

**OPINION and ORDER**

A jury awarded judgment in favor of Defendant Yamaha Golf-Car Company after a two-day trial. Yamaha now seeks the taxation of costs in the amount of $15,382.57. [DE 103.] Plaintiff Swan Lake Holdings, LLC objects to the award of any costs on the grounds that Yamaha cannot be considered the prevailing party and on the grounds that Yamaha has not presented sufficient proof of its costs. In the event that those arguments are unavailing, Swan Lake has also registered specific objections to some of Yamaha's costs. As detailed below, Yamaha's request for costs will be **GRANTED**, but with significant modifications.

**DISCUSSION**

Federal Rule of Civil Procedure 54(d)(1) governs the award of costs. Costs other than attorneys' fees are allowed as a matter of course to the prevailing party unless the Court directs otherwise. Fed. R. Civ. P. 54(d)(1). While the district court has wide discretion in awarding costs, Rule 54(d)(1) creates a "presumption in favor of a cost award" as long as the costs are statutorily authorized. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000); *see also Beamon v. Marshall & Isley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005) (holding that "[t]here is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate."). "The 'prevailing party' is the party who prevails as

to the substantial part of the litigation." *Testa v. Village of Mundelein, Ill.*, 89 F.3d 443, 447 (7th Cir. 1996).

Swan Lake first argues that Yamaha should not be considered the prevailing party. How Swan Lake could arrive at this conclusion is a bit perplexing since in two summary judgment opinions [DE 39 and 86] and a trial, Swan Lake failed to prevail on a single one of its claims. It's impossible to conclude that Yamaha is anything other than the prevailing party in this matter. Moreover, Yamaha provided a detailed spreadsheet of costs, along with expense reports, and thus Swan Lake's single-sentence, unsupported argument that Yamaha "has failed to prove its costs in accordance with the law" is also rejected. I will therefore move on to a analysis of the reasonableness of the specific costs claimed by Yamaha.

Rule 54(d) allows a party to recover only those costs listed in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *Winniczek v. Nagelberg*, 400 F.3d 503, 504 (7th Cir. 2005). These costs include:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees . . . ;
>
> (6) Compensation of court appointed experts . . . .

28 U.S.C. § 1920. Before assessing costs, the court must determine (1) "that the expenses are allowable cost items," and (2) "that the amounts are reasonable and necessary." *Northbrook Excess*

*& Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991).

Yamaha has listed five categories of costs in its Bill of Costs: 1) costs incidental to deposition reporter expenses; 2) costs incidental to witness fees; 3) costs incidental to court filing fees; 4) costs incidental to photocopying and printing; and 5) other incidental costs. I will consider each of these categories in turn.

**1. Deposition Reporter Expenses**

Yamaha requests costs of $2,888.06 for various deposition transcripts: 1) $1,172.85 for the depositions of Ted Fujawa and Pat Bayley on March 15, 2010; 2) $1,156.58 for the depositions of Mark Fujawa and Jeffrey J. Evans on March 16, 2010; and 3) $558.63 for the deposition of Jeffrey Evans on February 11, 2011. Deposition costs (including transcripts) are authorized under § 1920(2). *See Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 454 (7th Cir. 1998); *Beamon*, 411 F.3d at 864 (allowable deposition costs include transcript fees, court reporter costs, and videotaping fees). Swan Lake agrees these depositions "were reasonably necessary and taxable," and I concur. Therefore, the requested amount of $2,888.06 is appropriate.

**2. Witness Fees**

Yamaha requests a total of $8,449.68 in this category based on the following specific items:

- $1,750.00 for Jeffrey J. Evans's professional/expert fees for deposition services on March 15 and 16, 2010.

- $1,375.00 for Jeffrey J. Evans's professional/expert fees for deposition services on February 10 and 11, 2011.

- $878.09 for Kendall Fisher's expert vehicle testing on February 7 and 8, 2011 and trial attendance on December 12 and 13, 2010 and March 14, 2011.

- $499.67 for Rich Brown's trial attendance on December 12 and 13, 2010 and March 14, 15, and 16, 2011.

- $2,101.92 for Joel Cheek's trial attendance on December 12 and 13, 2010 and March 14, 15, and 16, 2011.

3

- $1,845.00 for Scott Bross's flight, rental car, hotel, and meals during trial attendance on December 12 and 13, 2010 and March 14, 15, and 16, 2011.

Section 1920(3) allows costs for witness fees that are specified in 28 U.S.C. § 1821. Those sections authorize the award of costs for reasonable travel and subsistence expenses of witnesses. *See Majeske v. City of Chicago*, 218 F.3d 816, 825-26 (7th Cir. 2000).

Evans was Swan Lake's expert. Yamaha deposed him twice and, pursuant to Federal Rule of Civil Procedure 26(b)(4)(E), Yamaha was required to pay Evans's "reasonable fee" for these depositions, which it did. There is no federal rule or statute that specifically authorizes treating these fees as a taxable cost, however. On the contrary, the cases I have been able to locate have all concluded that it is not a taxable cost. *See, e.g., Movitz v. First Nat. Bank of Chicago,* 982 F.Supp. 571, 577-78 (N.D. Ill. 1997) (holding that fees paid to adversary witnesses to appear at depositions were not recoverable as taxable costs); *Sergeant Hurley v. Atlantic City Police Dept.*, 1996 WL 549298, at *7 (D.N.J. Sept. 17, 1996) (same); *Griffith v. Mt. Carmel Med. Center*, 157 F.R.D. 499, 503-505 (D. Kan. 1994) (same); *O'Toole v. Kalmar*, 1990 WL 141431, at *3-6 (N.D. Ill. Sept. 21, 1990) (exhaustively considering whether the defendants (prevailing parties) could recover the "Costs Incurred in Deposing Plaintiff's Experts" and concluding they could not be). These costs will therefore not be awarded.

Fisher, Cheek, and Bross all traveled to the trial twice – once in December, 2010 when the trial had to be cancelled at the last minute because of a snowstorm, and then again when it actually occurred in March, 2011. None of these witnesses actually testified at the trial, however. Travel and subsistence costs can be awarded for witnesses who end up not testifying at a trial, but only after a showing that "counsel made a good faith and reasonable judgment about the need for [the witness] at trial." *Quy v. Air America, Inc.*, 667 F.2d 1059, 1065 (D.C. Cir. 1981). Here, Yamaha has failed to

4

provide me with any evidence as to the necessity of these witnesses.  I thus cannot award costs associated with these witnesses.  *See Hasham v. California State Board of Equalization,* 1999 WL 59850, at *1 (N.D. Ill. Feb. 1, 1999) (denying costs associated with witness who did not testify); *Gordon v. Castle Oldsmobile and Honda, Inc.*, 157 F.R.D. 438, 441 (N.D. Ill. 1994) (same).

Yamaha also seeks $581.68 for costs associated with Fisher's "vehicle testing." [DE 103-2 at 11.]  I have no idea why Yamaha believes charges for its own expert to perform "vehicle testing" would be reimbursable as costs.  Under Section 1920, costs are only available for the compensation of *court-appointed* experts.  These expenses are thus denied.

Finally, Yamaha seeks $499.67 in costs incidental to Rich Brown's trial attendance on December 12 and 13, 2010 and March 14, 15, and 16, 2011.  Brown testified at the trial and these costs reflect lodging and meals [DE 103-2 at 12-13], which are reimbursable as subsistence costs under 28 U.S.C. § 1821.  Swan Lake argues that these costs should be excluded because "the expenses of witnesses who are themselves parties normally are not taxable." [DE 105 at 2.]  Regardless of whether this is an accurate statement of the law, it is clearly inapplicable to this case: Brown was not a party to this lawsuit.  Thus, these $499.67 in costs will be awarded to Yamaha.

**3. Court Filing Fees**

Yamaha requests $350.00 in filing fees associated with the removal of the case to federal court.  The fee is recoverable as a fee of the clerk under § 1920(1).  *Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir. 1998).  This amount is reasonable and obviously necessary, so it will be granted.

### 4. Photocopying and Printing

In this category, Yamaha requests charges for the ECF/Pacer system ($9.00), CD duplication ($5.00), production of trial exhibits ($109.14), black-and-white copies ($931.75) and color copies ($243.00).

Under Section 1920(4), "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). This category includes copies attributable to discovery and copies of pleadings, motions, and memoranda submitted to the court, but it does not include copies made solely for the convenience of counsel. *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990). The prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess*, 924 F.2d at 643. However, it must "provide the best breakdown obtainable from retained records." *Id.*

In *Northbrook Excess*, the Seventh Circuit affirmed an award of photocopying costs even where the Defendant "failed to identify any document copied, the number of copies made of each original, or the copying cost per page." *Id.* Here, Yamaha has provided a spreadsheet detailing the number of copies made at each copying session and the copying cost per page (either $.10 or $.15). While this is a reasonable cost per copy, I am nevertheless unable to determine which, if any, of these copies were made solely for Yamaha's own use (and thus not subject to taxation of costs) and which were made for purposes of discovery or as copies submitted to the court. Still, many of the entries are dated in the weeks leading up to trial, and I was provided with exhibits books that included copied material in both black-and-white and color. I can thus be reasonably certain that at least a portion of these copies were made to be provided to the Court, while at the same time be completely uncertain about what exactly that portion is. I will, therefore, award Yamaha 50% of its total copying costs,

6

which amounts to $587.38 in black-and-white and color copies. *Cf. Trading Technologies Intern., Inc. v. eSpeed, Inc.*, 750 F.Supp.2d 962, 980 (N.D. Ill. 2010) ("After balancing the fact that TT incurred considerable—and verifiable—copying expenses in this litigation against the various concerns raised by TT's submission, the Court in its discretion awards 25 percent of TT's original request.").

Swan Lake does not object to the $9.00 in charges for use of the ECF/Pacer system. However, the caselaw is clear that "[c]harges for Pacer research fall into the same category as Westlaw and Lexis computerized research charges, i.e., they are not recoverable as costs under § 1920." *Angevine v. WaterSaver Faucet Co.*, 2003 WL 23019165, at *9 (N.D. Ill. Dec. 23, 2003). Those charges are thus denied. Also, based on the exhibits attached to the petition, it is not clear to me what the $5.00 cost for CD duplication was actually for, and, since it may very well have been solely for the convenience of Yamaha's attorneys, it will also not be awarded. On the other hand, the $109.14 cost for a trial exhibit was for the enlargement and dry mount of a copy of the warranty agreement between the parties. This exhibit was used at trial – even Plaintiff's counsel borrowed it in one instance – and it thus constitutes a reasonable and necessary charge.

Thus, pursuant to Section 1920(4), $696.52 will be awarded as "[f]ees for exemplification and the costs of making copies."

**5. Other Incidental Costs**

In this category, Yamaha requests long-distance phone charges ($2.92), mileage and parking charges ($1,409.45), postage and special mailing charges ($25.35), lodging for deposition and trial attendance ($627.05), and meals for deposition and trial attendance ($332.17).

Many of these requests for costs are plainly not recoverable. For instance, the charges here for mileage, parking, lodging, and meals are all charges incurred by Yamaha's *attorneys*. Since Yamaha

7

didn't cite a single case in its petition for fees and didn't file a reply brief in support of its petition, I have no idea what statute or case Yamaha believes supports the finding that these charges would be reimbursable as *costs*. In fact, the Seventh Circuit has held exactly the opposite:

> The district court awarded, as costs, outlays for travel and related expenses by attorneys and paralegals. These expenses are not listed in 28 U.S.C. § 1920 and therefore may not be reimbursed as costs. They are nonetheless reimbursable-but as part of the award for attorneys' fees, because travel and meal expenses are the sort of things that a lawyer includes with a bill for professional services.

*Calderon v. Witvoet*, 112 F.3d 275, 276 (7th Cir. 1997) (internal citations omitted). These charges all constitute fees, not costs, and, since Yamaha has no claim for its attorneys' fees, these amounts are all denied.

I am equally dubious of Yamaha's request for long-distance charges and "postage and special mailing charges." Telephone expenses and postage represent ordinary business expenses, which are not recoverable as taxable *costs*. The Seventh Circuit is unequivocal on the issue: "expenses for such things as postage, long-distance calls, xeroxing, travel, paralegals, and expert witnesses" are "distinct from . . . statutory costs" and can only be awarded as "part of the reasonable attorney's fee." *Heiar v. Crawford County*, 746 F.2d 1190, 1203 (7th Cir. 1984).

## CONCLUSION

For the foregoing reasons, Defendant's Bill of Costs [DE 103] is **GRANTED AS MODIFIED**. Defendant is awarded costs of $4,434.25.

**SO ORDERED**.

ENTERED: May 13, 2011

s/ Philip P. Simon<br>
PHILIP P. SIMON, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT